**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Whelchel, et al., | ) No. CV 06-0260-PHX-MHM |
| Plaintiffs, | ) **ORDER** |
| vs. | ) |
| Ford Motor Company, et al., | ) |
| Defendants. | ) |

Plaintiffs have filed a motion to remand this cause and action to the Superior Court of Maricopa County, State of Arizona. (Doc. 7). Defendants have filed responses in opposition to the requested remand (Doc. 8, 9 & 11) and Plaintiffs have filed a reply. (Doc. 10). Plaintiffs and Defendants seek recovery of attorneys' fees regarding their respective filed pleadings on the remand issue. Defendants Ford Motor Company and TRW Vehicle Safety Systems Inc. have filed a motion to strike Plaintiffs' reply (Doc. 12) to which Plaintiffs have filed a response and motion for enlargement of time. (Doc. 14). The Court heard oral argument on these pending motions on August 14, 2006 and now enters this Order.

I.

Background.

1  On August 3, 2005, Plaintiffs filed a complaint in the Superior Court of Maricopa County, State of Arizona, asserting claims arising out of an automobile accident that occurred on August 6, 2003 in La Paz County, Arizona. The accident, a rollover of a Ford Expedition following a tire blowout, resulted in the deaths of Brent Whelchel, Lindsey Whelchel and Tawnee Hogan, all passengers in the vehicle. Plaintiff Karla Whelchel, the surviving spouse of Brent Whelchel, and their minor child, Bridget Whelchel, also were riding in the vehicle at the time of the accident and sustained serious injuries. The caption of the complaint lists the named Plaintiffs as follows: Karla Whelchel, surviving spouse of Brent Whelchel, deceased, and surviving mother of Lindsey Whelchel, deceased, for and on behalf of herself and on behalf of and as next best friend of her natural daughter, Bridget Whelchel, surviving daughter of Brent Whelchel, deceased; Jeffrey Whelchel and Judith Whelchel, husband and wife, surviving parents of Brent Whelchel, deceased; Kevin Hogan and Laurie Nalvarte, surviving parents of Tawnee Hogan, deceased. Plaintiffs Karla Whelchel and Bridget Whelchel are residents and citizens of the State of Arizona. Plaintiffs Jeffrey Whelchel and Judith Whelchel are residents and citizens of the State of California. Plaintiffs Kevin Hogan and Laurie Nalvarte are residents and citizens of the State of Arizona. All Plaintiffs have asserted wrongful death claims. Plaintiffs Karla and Bridget Whelchel have sued Defendants asserting personal injury claims.

Defendants Ford Motor Company, TRW Vehicle Safety Systems, Inc., TRW, Inc., and TRW Automotive U.S. LLC ("the TRW Defendants") are all Delaware corporations. Defendant Northrop Grumman Space and Mission Systems Corporation is an Ohio corporation. Centennial Leasing, Inc., also known as Centennial Leasing and Sales of Arizona, LLC, is identified as a Colorado corporation. Defendant Andy's Auto Repair, Inc., is a California corporation. Each allegedly has its principal place of business outside the State of Arizona. Defendant Ford Motor Company removed this case on the basis of diversity of citizenship under 28 U.S.C. §§ 1332, 1441 and 1446(b), that is, there is complete diversity of citizenship and the matter in controversy exceeds $75,000.00. In its removal papers, Defendant stated that it had been informed and it believed that Karla Whelchel is the

1  personal representative of the decedent Brent Whelchel and that she is authorized under
2  A.R.S. § 12-612 to bring suit to recover for the death of Brent Whelchel on behalf of all
3  statutory beneficiaries including Jeffrey, Judith and Bridget Whelchel. Defendant attached
4  to its removal papers a letter from Plaintiffs' counsel stating that Karla Whelchel is the
5  personal representative of decedent Brent Whelchel. Defendant Ford further claimed that
6  as the personal representative of decedent Brent Whelchel, Karla Whelchel is the real party
7  in interest under Fed.R.Civ.P. 17(a). Defendant asserted that Karla Whelchel's Arizona
8  citizenship, and not that of the statutory beneficiaries Jeffrey, Judith and Bridget Whelchel,
9  should be considered in determining the existence of federal diversity jurisdiction.

## II.

## Defendants' Motion to Strike.

Defendant Ford Motor Company and the TRW Defendants have filed a motion to strike Plaintiffs' reply to their response as untimely filed. (Doc. 12). Defendants contend that the reply was due to be filed by March 20, 2006 but Plaintiffs' reply was filed three days late on March 23, 2006. In the alternative, Defendants have moved for leave to file a surreply if the Court considers Plaintiffs' late-filed reply. Defendants have included the substance of their surreply in their motion to strike.

Plaintiffs have acknowledged that their reply was filed untimely but contend that counsel needed to consult with the many Plaintiffs and that the untimely filing was due to excusable neglect and a miscalculation of the due date. Plaintiffs have requested that the Court consider their reply as timely filed by granting them a brief extension of time. Plaintiffs have asked that Defendants' surreply not be considered.

Defendants' motion to strike Plaintiffs' reply (Doc. 12) is denied. The Court has considered Plaintiffs' reply. Plaintiffs' motion for an enlargement of time (Doc. 14) is denied as moot. Plaintiffs' request that the Court not consider Defendants' surreply is denied. Defendants' alternative motion to file surreply (Doc. 12) is granted. The Court has considered all briefing submitted by the parties.

## III.

Plaintiffs' Motion to Remand.

Plaintiffs have timely moved to remand this case to Maricopa County Superior Court on the ground of complete lack of diversity. Plaintiffs cite the California citizenship of Plaintiffs Jeffrey and Judith Whelchel and the fact that Defendant Andy's Auto Repair, Inc. is a California corporation. Plaintiffs initially argued in their motion to remand that under A.R.S. § 12-612, Arizona's Wrongful Death Act, Jeffrey and Judith Whelchel were proper Plaintiffs to bring this suit. Section 12-612 provides in relevant part as follows:

> A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.
>
> B. Either parent may maintain the action for the death of a child and the guardian may maintain the action for the death of the guardian's ward.

Defendants have pointed out in their response, however, that under Arizona law, a wrongful death action under A.R.S. §12-612 may be brought by only one plaintiff. Defendants contend that Jeffrey and Judith Whelchel have been fraudulently joined to defeat diversity jurisdiction. Defendants further contend that Plaintiffs have selected Karla Whelchel to represent their interests. Defendants refer to an allegation set forth in the complaint stating that "Karla Whelchel brings this action in her individual capacity and on behalf of all statutory claimants, ..." (Doc. 1 - complaint, para. 2). Defendants also have referred to a letter from Plaintiffs' counsel dated January 9, 2006 attached to the removal papers in which it was stated that "Karla Whelchel, as the surviving spouse of Brent Whelchel, deceased, brings the action for the statutory claimants for claims arising out of Brent and Lindsey Whelchel's deaths." (Doc. 1, Defendant Ford's Notice of Removal, Exhibit G).

Defendants discuss in their response that before Arizona's Wrongful Death Act was amended in 2000, the Act only allowed a surviving spouse or a personal representative of the decedent to bring a wrongful death action. Arizona case law subsequent to 2000 has

- 4 -

1 recognized that Arizona's present Wrongful Death Act provides that an action for wrongful
2 death "shall be brought by a statutory plaintiff 'for and on behalf of the surviving husband
3 or wife, children or parents' ... and Arizona courts have consistently construed this to mean
4 that there is 'one action for damages with one plaintiff and one judgment.'"  Valder Law
5 Offices v. Keenan Law Firm, 129 P.3d 966, 972 (Ariz. App. 2006).

6     In their reply, Plaintiffs have acknowledged that the present Arizona Wrongful Death
7 Act allows for "one action for damages with one plaintiff and one judgment".  Plaintiffs
8 insist, however, that they filed their lawsuit based on the good faith belief that the Act
9 permitted multiple plaintiffs to bring suit.  Plaintiffs emphasize that the Valder Law Offices
10 case was decided on March 9, 2006 after they filed suit in state court on August 3, 2005.
11 Plaintiffs contend that they exercised their good faith belief that all beneficiaries meeting the
12 qualifications set forth in Arizona's Wrongful Death Act were proper parties to the action.
13 Plaintiffs urge the Court to reject Defendants' contention that Jeffrey and Judith Whelchel
14 have been fraudulently joined to defeat diversity jurisdiction.  Plaintiffs emphasize that they
15 have asserted that Jeffrey and Judith Whelchel, as surviving parents of Brent Whelchel,
16 deceased, "bring this action on their own behalf as well."  (Doc. 1 - complaint at para. 2).
17 Plaintiffs have identified the issue as involving too many plaintiffs and now seek permission
18 to file an amended complaint either in this Court or in state court after remand.  Plaintiffs'
19 proposed amended complaint will maintain Jeffrey Whelchel as the named plaintiff for the
20 death of Brent Whelchel.  Plaintiffs argue that Arizona law permits them to choose who will
21 bring the wrongful death action under Arizona's Wrongful Death Act.

22     Defendants have responded that Plaintiffs are impermissibly seeking leave to file an
23 amended complaint in order to defeat diversity jurisdiction.  Defendants argue that district
24 courts routinely deny leave to amend to add diversity-destroying defendants, citing Clinco
25 v. Roberts, 41 F. Supp. 2d 1080, 1089 (C.D. Cal. 1999).

26     Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join
27 additional defendants whose joinder would destroy subject matter jurisdiction, the court may
28 deny joinder, or permit joinder and remand the action to the State court."  Where a non-

- 5 -

1 diverse party is sought to be added, there are two options: deny joinder or permit joinder and
2 remand the matter to state court.  As Plaintiffs point out, they are not attempting to add a
3 non-diverse plaintiff because Jeffrey Whelchel has already been named as a Plaintiff in this
4 suit.  Plaintiffs would be dropping certain plaintiffs who are the statutory beneficiaries.
5 Defendants have not provided any authority that would preclude Jeffrey Whelchel from
6 proceeding as the statutory plaintiff under § 12-612. The Court has not found any Arizona
7 law that would preclude Jeffrey Whelchel from proceeding in that capacity.

8       Section 12-612(B) provides that "[e]ither parent may maintain the action for the death
9 of a child."  In <u>Knauss v. DND Neffson Company</u>, 963 P.2d 271, 279 (Ariz. App. 1997), the
10 Arizona Court of Appeals rejected the defendants' attempt to limit § 12-612(B) to parents of
11 deceased minor children.  Although <u>Knauss</u> was decided prior to the 2000 amendment to
12 Arizona's Wrongful Death Act, the version of § 12-612(B) at issue in <u>Knauss</u> is similar to the
13 present version of the statute.

14       Leave to file an amended pleading under Fed.R.Civ.P. 15(a) "shall be freely given
15 when justice so requires" and this policy "'is to be applied with extreme liberality.'"  <u>Owens</u>
16 <u>v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001)(quoting <u>Morongo</u>
17 <u>Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Inferences should
18 be drawn "in favor of granting the motion" to amend.  <u>Griggs v. Pace American Group, Inc.</u>,
19 170 F.3d 877, 880 (9th Cir. 1999).  Rule 21, Fed.R.Civ.P., provides in relevant part that
20 parties may be dropped or added "by order of the court on motion of any party ... at any stage
21 of the action and on such terms as are just."  Courts generally have applied the same
22 equitable considerations in determining joinder or amendment.  <u>Heslop v. UCB, Inc.</u>, 175 F.
23 Supp. 2d 1310, 1316-17 (D.Kan. 2001).

24       The complaint now includes Jeffrey and Judith Whelchel as named Plaintiffs.
25 Plaintiffs Jeffrey and Judith Whelchel are California citizens. Defendant Andy's Auto
26 Repair, Inc. is a California corporation  Complete diversity jurisdiction is lacking. <u>Kuntz v.</u>
27 <u>Lamar Corp.</u>, 385 F.3d 1177, 1181 (9th Cir. 2004)("[f]or a case to qualify for federal
28 jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship

between the opposed parties in interest"); 28 U.S.C. § 1332(c)(1)("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, ..."). The Court therefore grants Plaintiffs' motion to remand this cause and action to the Maricopa County Superior Court. The parties' respective requests for attorneys' fees concerning the remand issue are denied.

**Accordingly**,

**IT IS ORDERED** that Defendants' motion to strike Plaintiffs' reply (Doc. 12) is denied.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for an enlargement of time to file reply (Doc. 14) is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that this cause and action shall be remanded to the Superior Court in and for Maricopa County, State of Arizona.

DATED this 11th day of September, 2006.

_____
Mary H. Murguia
United States District Judge